UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re David Scott Stephens ) | | Case 05-21041 |
| ) | | |
| Debtor ) | | Section A |
| ) | | |
| ) | | Chapter 7 |
| ) | | |

**Reasons for Order Granting Motion to Reopen Bankruptcy**

This matter came before the Court on September 26, 2006, as a hearing on Travelers Property Casualty Company of America's Motion to Reopen Bankruptcy Proceedings. For the reasons given orally at the hearing, and further set forth below, the Motion to Reopen is GRANTED.

**Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 350.

**Background**

Debtor, David Scott Stephens ("Debtor"), embezzled money while employed as an accountant by the Smith Law Firm ("Smith Law"). Travelers Property Casualty Company of America ("Travelers") insured the Smith Law and compensated the firm for its losses. Travelers became subrogated to the rights of Smith Law to pursue Debtor for reimbursement of the lost funds. On June 2, 2004, Debtor entered into a settlement with Travelers where he admitted to embezzling the funds and agreed to reimburse Travelers for the loss on an installment basis. Debtor breached the settlement agreement after paying the first two installments and Travelers contacted Debtor on November 1, 2004 to notify him of his default under the terms of the agreement. Travelers eventually filed a Motion to Enforce Settlement Agreement on August 4, 2005, in New Orleans Civil District Court. A hearing on Travelers' Motion to Enforce was scheduled for September 30, 2006, however, the hearing was cancelled due to Hurricane Katrina.

Debtor filed the above-captioned, Chapter 7 bankruptcy, on October 16, 2005.  Debtor's Schedule F listed St. Paul's Travelers Insurance ("St. Paul's") as an unsecured nonpriority creditor holding a $32,000.00 claim.  St. Paul's is a corporate center for Travelers and was served at an address previously unused in any correspondence between Travelers and the Debtor.  Additionally, Debtor listed the suit to enforce the settlement agreement in his Statement of Financial Affairs.  Debtor incorrectly stated that the location was in the 34th Judicial District Court, Chalmette, Louisiana, and also stated that the matter was "settled."  Debtor received a discharge on February 7, 2006, and the bankruptcy case was closed on February 22, 2006.

Travelers took steps to resume its litigation against Debtor and discovered the bankruptcy in May, 2006, when an investigator, hired to locate the Debtor, found the bankruptcy while searching court records.  Travelers filed the pending Motion to Reopen Chapter 7 Case on June 29, 2006, so it can contest dischargeability of its debt under 11 U.S.C. § 523(a)(3)(B) & (a)(4).  Debtor contested the Motion and argues that the deadline for Travelers to contest the discharge expired pursuant to 11 U.S.C. § 523(c)(1) and Fed. R. Bankr. Proc. 4007.

**Discussion**

The court may reopen a closed bankruptcy pursuant to 11 U.S.C. § 350(b), which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  The bankruptcy court has discretion to reopen a case when the mover has shown cause for such reopening.  *Matter of Case*, 937 F.2d 1014 (5th Cir. 1991).  "The discretion [to reopen] depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings."  *Id*. at 1018.

Travelers argues that Debtor may not discharge his obligation to Travelers because the debt falls under 11 U.S.C. § 523 (a)(4), which exempts from discharge a debt "for fraud or defalcation

while acting in a fiduciary capacity, embezzlement, or larceny." Additionally, Travelers argues that the debt is not dischargeable under section 523(a)(3)(B), which exempts debts to creditors not sufficiently noticed of the bankruptcy.

Debtor argues that, under Rule 4007(c), Travelers had to file its complaint to determine dischargeability by February 6, 2006, which is no later than 60 days after the date of the first date set for the meeting of creditors under § 541. Travelers filed the Motion to Reopen on June 29, 2006, which is well after the Rule 4007(c) deadline. Debtor, therefore, asserts that it is too late for Travelers to contest the discharge and that this Court should deny the Motion.

When considering whether to reopen a case, the court should only consider a narrow range of issues, such as whether further administration appears warranted. A court should avoid inquiry into the merits of the underlying relief ultimately sought. *See, e.g., In re Staffer*, 262 B.R. 80, 83 n.6 (9th Cir. B.A.P. 2001). In other words, the court need not determine whether Travelers has proven that its claim is not dischargeable, the court need only determine whether facts exist to justify further inquiry into the matter. *See, e.g.*, *In re Wolff*, 175 B.R. 27 (E.D. Ark. 1994) (determining that issue before court was whether to reopen case and not whether debtor gave proper notice).

The issue before this Court, therefore, is not whether Travelers has proven that its claim is not dischargeable or whether or not any complaint to determine dischargeability is timely; it is only whether the facts are sufficient to give Travelers the opportunity to litigate this matter. Debtor served Travelers with bankruptcy notice via St. Paul's, which appears to be a related, but separate corporation. Debtor was engaged in litigation with Travelers and there is no indication that he ever received communication from the Connecticut office where the bankruptcy notice was sent. Nor is there any explanation for not serving Travelers' counsel with bankruptcy notice. Additionally, the schedules list the pending litigation as "settled" and incorrectly state that lawsuit was filed in the

34th Judicial District, Chalmette, Louisiana. The fact that Travelers was not directly served, combined with the fact that the Debtor incorrectly listed the location of the lawsuit leave this court to conclude that Travelers may be eligible for relief under § 523(a)(3)(b). *See*, *e.g., Matter of Faden*, 96 F.3d 792 (5th Cir. 1996)

Additionally, there is sufficient evidence to lead this Court to believe that Travelers may be entitled to equitable tolling. The Fifth Circuit has expressly stated that Rule 4007(c) is not subject to equitable tolling, *see, In re Dunlap*, 217 F.3d 311 (5th Cir. 2000), *see also, Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987). The Supreme Court's recent decision in *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004) may have abrogated the earlier Fifth Circuit decisions, however. *See, In re Rychalsky*, 318 B.R. 61, 63-64 (Bankr. D.Del. 2004). One instance where equitable tolling may be available is "where a defendant has actively mislead a plaintiff . . .." *In re Miller*, 333 B.R. 368 (Bankr. N.D. Tex. 2005). Therefore, if *Kontrick* abrogates *Dunlap* and *Neeley* and Debtor sent the notice to St. Paul's and scheduled the incorrect court in an attempt to mislead Travelers, then it may be entitled to equitable tolling.

**Summary**

The only issue before the court is whether there are sufficient grounds to reopen Debtor's bankruptcy case; it is not necessary to thoroughly examine the merits of Travelers arguments at this time. Debtor served St. Paul's instead of Travelers with notice of his bankruptcy. Furthermore, Debtor did not properly schedule the location or status of Travelers' pending lawsuit filed enforce the Settlement Agreement. For these reasons, this Court finds sufficient grounds to reopen the above captioned bankruptcy

A separate Order Granting Travelers' Motion to Reopen was entered September 29, 2006.

New Orleans, Louisiana, October 4, 2006.

                                                Hon. Elizabeth W. Magner
                                                U.S. Bankruptcy Judge